United States District Court
Southern District of Texas
**ENTERED**
August 06, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ZOHAIB MUHAMMAD, | § | CIVIL ACTION NUMBER |
| Petitioner, | § | 4:26-cv-06140 |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| MARTIN L. FRINK, | § | |
| Respondent. | § | |

**ORDER ON DISMISSAL**

Petitioner Zohaib Muhammad filed a petition for writ of *habeas corpus* under 28 USC §2241 on July 30, 2026. Dkt 1. He proceeds *pro se*. He admits to having filed a prior petition that was dismissed on July 23, 2026. Id at 5. He nonetheless contends that his ongoing detention violates the Due Process Clause of the Fifth Amendment. Id at 6-7.

A district court entertaining an application for a writ of *habeas corpus* "shall forthwith award the writ" or issue a show cause order "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 USC §2243. A petition brought under 28 USC §2241 is subject to summary dismissal if it "plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." *Kiser v Johnson*, 163 F3d 326, 328 (5th Cir 1999), quoting Rule 4 of the Rules Governing Section 2254 Cases. See also Rule 1(b) of the Rules Governing Section 2254 Cases (permitting courts to apply such rules to *habeas* petitions not covered by Rule 1(a), including §2241 petitions).

As pertinent here, the Fifth Circuit has stated that a §2241 petition should be dismissed as an abuse of the writ when a petitioner either (i) raises a claim in a subsequent petition that could have been raised in a prior petition, or

(ii) raises the same claim a second time. *Beras v Johnson*, 978 F3d 246, 252 (5th Cir 2020). A petition bringing claims that could have been brought previously "must be dismissed as an abuse of the writ unless the petitioner has demonstrated 'cause' for not raising the point in a prior federal *habeas* petition and 'prejudice' if the court fails to consider the new point." *Saahir v Collins*, 956 F2d 115, 118 (5th Cir 1992).

Showing *cause* requires a petitioner to demonstrate that "some objective factor external to the defense prevented him from raising the new claims in the previous petition." Ibid, citing *McClesky v Zant*, 499 US 467, 493 (1991). Examples of external factors include interference by governmental officials or reasonable unavailability of the factual or legal basis for the claim. *McClesky*, 499 US at 493–94 (citations omitted). But attorney error short of ineffective assistance of counsel will not suffice. Id at 494. Neither will legal theories about which the petitioner "should have known" when the first petition was filed. *Saahir*, 956 F2d at 119. And a court need not consider *prejudice* when a petitioner fails to show cause. Id at 118.

Petitioner's first petition, filed through counsel, alleged that an immigration judge determined at an evidentiary hearing that Petitioner posed a flight risk, and thus bond was denied. See *Muhammad v Mullin, et al*, 4:26-cv-05787 (SD Tex), at Dkt 1. Petitioner challenged the result of that hearing on due process grounds. Id. The petition was dismissed for lack of jurisdiction under 8 USC §1226(e), which specifically prohibits a district court from reviewing an immigration judge's decision regarding the denial of bond. Id at Dkt 6.

Petitioner's new petition, filed *pro se*, again raises due process issues. Dkt 1. He contends that his current detention isn't reasonably related to its statutory purpose, has been prolonged, and is "indefinite." Id at 6–7. He also again challenges the immigration judge's decision at the bond hearing. Dkt 1-1 at 2–3.

These claims either were or could have been raised in the prior petition. And Petitioner alleges no changed

circumstances that would warrant reconsideration of his previously denied claim. Nor does he allege any facts demonstrating *cause* for not raising his new claims in his prior petition. The failure to show such cause requires dismissal of his current petition for abuse of the writ.

The lack of *cause* dispenses with the need to consider *prejudice*. Even so, the pleadings show that Petitioner was in fact already afforded a bond hearing, at which evidence was taken upon which findings were made. He has thus received the process that is due. This means in turn that he cannot show prejudice if new claims aren't considered.

Having failed to allege facts showing either cause or prejudice, Petitioner isn't entitled to file a second petition. This petition will thus be dismissed with prejudice as an abuse of the writ.

The petition for writ of *habeas corpus* by Petitioner Zohaib Muhammad is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

This is a FINAL JUDGMENT.

SO ORDERED.
Signed on August 6, 2026, at Houston, Texas.


_____
Honorable Charles Eskridge
United States District Judge

3